**RECREATION SERVICES, INC.; Plaintiff,**

v.

**ODYSSEY FUN WORLD, INC., Odyssey Fun World Limited Partnership, and Inter–Continental Real Estate & Development Corp., Defendants.**

No. 96 C 6259.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 3, 1997.

Jerome Gilson, Jonathan E. Retsky, Philip Andrieus Jones, Brinks, Hofer, Gilson & Lione, Chicago, IL, for Plaintiff.

Edward P. Freud, Dean J. McElroy, Ruff, Weidenaar & Reidy, Ltd., Chicago, IL, for Defendants.

## *MEMORANDUM OPINION AND ORDER*

SHADUR, District Judge.

In this service mark infringement case Odyssey Fun World, Inc., Odyssey Fun World Limited Partnership and Inter–Continental Real Estate & Development Corp. (collectively "Odyssey") have moved under Fed. R.Civ.P. ("Rule") 9(b) and Rule 12(b)(6) to dismiss Count V of the Complaint filed against them by Recreation Services, Inc. ("Recreation"). That count is advanced under Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Fraud Act"[1]), 815 ILCS 505/2. For the reasons set forth in this memorandum opinion and order, Odyssey's motion to dismiss is denied.

### *Facts*

Recreation is in the business of providing amusement center services comprising game arcades, rides, children's party facilities and other amusements at two locations in northern Illinois under the service marks **GREAT ODYSSEY FAMILY FUN CENTERS** and **THE GREAT ODYSSEY Family Fun Centers and Design** (collectively "Great Odys-

---

**1.** Despite this shorthand label (adopted here purely for convenience), it is important to understand that claims under the statute need not be based on assertedly fraudulent conduct. More on this subject later.

sey"). Recreation began using those marks in 1991 in northern Illinois and obtained federal registrations on April 18, 1995.

After Recreation's GREAT ODYSSEY facilities were already in operation, Odyssey opened a family amusement center in northern Illinois offering the same types of services under the name and mark **ODYSSEY FUN WORLD.** Recreation protested the use of that mark as infringing Recreation's rights in its own GREAT ODYSSEY marks, but Odyssey has continued its use of the ODYSSEY FUN WORLD mark. Complaint ¶ 7 alleges on information and belief that Odyssey is threatening to open one or more additional amusement centers in northern Illinois using the ODYSSEY FUN WORLD mark.

After receiving Recreation's protest, Odyssey sought and obtained a state service mark registration for the ODYSSEY FUN WORLD mark here in Illinois. It has also applied for federal registration.

Recreation alleges that Odyssey's use of the ODYSSEY FUN WORLD mark has caused actual confusion as well as posing the likelihood of further confusion, impairing Recreation's effective use of its own GREAT ODYSSEY service marks. In addition to its Lanham Act claims that support federal jurisdiction, Recreation's supplemental jurisdiction claims (see 28 U.S.C. § 1367(a)) include the Count V claim now under attack by Odyssey.

### Rule 12(b)(6) Motion

On Odyssey's Rule 12(b)(6) motion all well-pleaded allegations in the Complaint must be credited, with all possible inferences drawn in Recreation's favor (see, e.g., *Sherwin Manor Nursing Center, Inc. v. McAuliffe,* 37 F.3d 1216, 1219 (7th Cir.1994)). Dismissal is proper only if it is clear from the Complaint that no set of facts consistent with its allegations would entitle Recreation to relief. (*Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984), citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

Fraud Act § 2 provides:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damages thereby.

Odyssey claims that Recreation has failed to plead all essential elements of a claim under that statute. Specifically it contends that Recreation has failed to plead that Odyssey intended Recreation to rely upon the alleged deceptive practice, that Recreation's Count V allegation of damage is conclusory and that there is no private cause of action for an injunction under the Fraud Act.

■ That last contention is swiftly dispatched, for a 1991 amendment to the Fraud Act expressly permits a private cause of action for an injunction (815 ILCS 505/10a(c)). It is really irresponsible (and indeed deceptive) for Odyssey's counsel even to have made that argument, citing a single 1990 case to that effect (Mem. 4–5)—not only the statute itself, but also a 1995 Illinois case that counsel themselves have cited just before citing the 1990 case (Mem. 4), disclose the baselessness of Odyssey's position. Recreation's request for injunctive relief in Count V is entirely proper.

■ Next, Odyssey's initial argument— that Recreation has failed to allege that Odyssey intended *Recreation* to rely on the alleged deceptive practice—fares no better. To be sure, *Siegel v. Levy Org. Dev. Co.,* 153 Ill.2d 534, 180 Ill.Dec. 300, 304, 607 N.E.2d 194, 198 (1992) lists these three elements of a Fraud Act claim:

1. a deceptive act or practice;

2. intent on defendant's part that plaintiff rely on the deception; and

3. the deception occurred in the course of conduct involving trade or commerce.

But in *Siegel* it was the *plaintiff* that claimed to have been deceived directly by the defen-

dant. Where as here the claim is asserted instead by a business competitor that charges defendant with deceptive conduct aimed at the consuming public (*Ashkanazy v. I. Rokeach & Sons, Inc.*, 757 F.Supp. 1527, 1557 (N.D.Ill.1991), citing *Champion Parts, Inc. v. Oppenheimer & Co.*, 878 F.2d 1003, 1009 (7th Cir.1989)), it clearly makes no sense to require that the plaintiff competitor itself must have relied on the deception. Fraud Act § 2 itself requires only that defendant intend that "others" rely on the deceptive practice.

■ Here, of course, Odyssey's complained-of conduct directly targeted the consuming public. Odyssey's reading of the Fraud Act to require Recreation's showing of its own "reliance" on Odyssey's assertedly deceptive conduct would put the statute totally beyond the reach of competitors, flouting all of the case law to the contrary. Complaint ¶¶ 12, 16 18 and 20 adequately allege that Odyssey's conduct misleads consumers as to the origin of its goods and services and falsely represents that there is a connection between Recreation and Odyssey. That plainly suffices to state a Fraud Act claim.

■ Finally, Odyssey complains that Recreation's claim of having been damaged by Odyssey's use of the confusingly similar mark "is a conclusion which is unsupported by particular factual allegations" (Mem. 5). But no less an authority than the Supreme Court has unanimously confirmed that federal courts continue to operate under a notice pleading rather than a fact pleading regime, quoting the familiar "Exclusio unius ..." maxim in conjunction with Rule 9(b) to negate an argument similar to that advanced by Odyssey here (*Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993)). And of course an allegation of *damage* under the Fraud Act is not within the Rule 9(b) mandate of particularity (*Cobb v. Monarch Finance Corp.*, 913 F.Supp. 1164, 1180 n. 20 (N.D.Ill.1995)).

So Odyssey has taken three called strikes to its Rule 12(b)(6) challenge to Count V. That challenge is out on strikes.

### *Rule 9(b) Motion*

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir.1994), quoting (*Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir.1992) (citations and footnote omitted)) explains:

> The rule is said to serve three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing "strike suits" and "fishing expeditions"; and (3) providing notice of the claim to the adverse party. Although some have questioned Rule 9(b)'s effectiveness in serving these purposes, the caselaw and commentary agree that the reference to "circumstances" in the rule requires "the plaintiff to state the 'identity of the person who made the misrepresentation, the time, place and context of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.' "

Odyssey urges that Recreation has failed to plead its allegations of consumer fraud with the particularity required by Rule 9(b).

■ Recreation responds that Count V has not asserted a claim for fraud, so that Rule 9(b) is not brought into play. And it is certainly true that the Fraud Act prohibits not only classic fraud but much lesser degrees of culpability—even innocent or negligent misrepresentation that has a deceptive *effect* (see, e.g., such cases as *Zinser v. Rose*, 245 Ill.App.3d 881, 185 Ill.Dec. 574, 578–79, 614 N.E.2d 1259, 1263–64 (3d Dist.1993)). And just as that broader scope renders inapplicable the need for specificity in pleading fraud under the even more demanding fact pleading regime under Illinois law (*id.*), so the same factor negates any need to satisfy the particularity pleading requirements of Rule 9(b) where the gravamen of a federal court claim does not lie in actual fraud.

■ But it is unnecessary to parse the Complaint here (Count V incorporates all of the allegations of the earlier Counts by reference) to see whether Recreation's claim is or is not grounded in fraud. Even if an affirmative answer to that question is assumed (and

Recreation never employs the magic word "fraud" in any of its allegations), Odyssey still loses. Cases that equate the particularity mandate of Rule 9(b) to the traditional teaching of the journalism school (*DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) says "This means the who, what, when, where and how: the first paragraph of any newspaper story") do not require what Odyssey argues for in the present context.[2] What *Vicom* calls for ("the identity of the person who made the misrepresentation, the time, place and context of the misrepresentation, and the method by which the misrepresentation was communicated *to the plaintiff*") fits a discrete communication on which the *plaintiff* had the misfortune to rely, but it is a total misfit where the name and style of an entire ongoing course of business that tends to deceive the public constitute the offending activity. Here the circumstances constituting fraud (again on the unresolved assumption that what is ascribed to Odyssey *is* fraud in the traditional sense) are amply particularized by the Complaint's straightforward allegations as to Odyssey's conduct of the selfsame type of business as Recreation under a confusingly similar name.

Odyssey has done no better with its Rule 9(b) challenge than with its Rule 12(b)(6) attack. Its Rule 9(b) motion is also denied.

### Conclusion

Odyssey's Rule 12(b)(6) motion and its Rule 9(b) motion to dismiss Count V of the Complaint are denied in their entirety. All Odyssey defendants are ordered to answer that Count on or before February 14, 1997.

---

**2.** In fact, in this instance Recreation has really told the "who, what, where, when and how" story. Only its allegation as to "when" Odyssey began its deceptive activity lacks particularity (Complaint ¶ 7 says "[s]ubsequent to Plaintiff's first use of its marks and name"), but the only relevant fact in that respect is that Odyssey is a junior user—and of course *it* knows precisely when it began its own use.